UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

GREGG C. DOONAN,

    *Defendant.*

Court No. 03cv12439 RCL

## COMPLAINT

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, states as its complaint that:

1. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2. The defendant, Gregg, C. Doonan (hereinafter "Doonan"), resides in the District of Massachusetts at 120 North Street, Danvers, MA 01923.

3. Doonan is indebted to the United States in the principal amount of $42,069.31 plus interest computed at the rate of 4 percent per annum for a total amount of $42,667.52 as of December 3, 2003. Thereafter, interest on the principal amount will accrue at the rate of 4 percent per annum until the date of judgment. See Exhibit "A" attached hereto and incorporated herein.

4. Doonan has failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States demands judgment against Doonan in the principal amount of $42,069.31; plus interest in the amount of $598.21; plus interest on this principal at an annual rate of 4 percent per annum until the date of judgment, plus filing fee of $150.00 pursuant to 28 U.S.C. §2412 (a)(2). The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        MICHAEL J. SULLIVAN
        United States Attorney

By:    */s/ Christopher R. Donato*

        CHRISTOPHER R. DONATO
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3303

Dated: December 3, 2003

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Rockville MD 20857

NOV 18

# CERTIFICATE OF INDEBTEDNESS

Gregg C. Doonan
120 North Street
Danvers, MA 01923
Ref: 50054591

Total debt due to the United States of America as of October 20, 2003: $42,667.52 (principal $42,069.31, interest $598.21, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $42,069.31 from October 20, 2003, at the rate of 4.0%. Interest accrues on the principal amount of this debt at the rate of $4.61 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Palmer College of Chiropractic, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date Applied | Date Approved | Amount Approved | Date of Promissory Note | Amount of Promissory Note |
|---|---|---|---|---|
| 01/14/82 | 01/26/82 | $2,684.00 | 02/05/82 | $2,684.00 |
| 07/22/82 | 08/10/82 | $4,289.00 | 08/23/82 | $4,289.00 |
| 04/11/83 | 06/15/83 | $6,096.00 | 09/21/83 | $6,096.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program.

Upon your leaving the Palmer College of Chiropractic, you were furnished a repayment schedule by Chase Manhattan Bank with notification that payments were to begin February 1, 1985. You were then granted a forbearance agreement for the period of August 1, 1985, to January 31, 1986, with payments to begin thereafter.

Due to late and inconsistent payments, Chase Manhattan Bank sent you twenty (20) demand letters between February 21, 1985, and September 28, 1988 requesting past due payments. Between April 9, 1986, and March 9, 1989, you made twenty-nine (29) payments totaling $7,284.40.

On October 13, 1988, Chase Manhattan Bank sent you a final demand letter to remit payment in full or your account would be filed as a default claim.



## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - GREGG C. DOONAN

On November 8, 1990, in the United States Bankruptcy Court, District of Massachusetts, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No.90-16584-JNG); however, your HEAL debt was not dischargeable under bankruptcy.

Due to your bankruptcy, Chase Manhattan Bank filed an insurance claim on September 19, 1991 with the Department of Health and Human Services (DHHS). The claim in the amount of $18,496.00 was paid on October 8, 1991, and an assignment of the notes was received.

On March 11, 1996, in the United States Bankruptcy Court, District of Massachusetts, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No.96-11457); however, your HEAL debt was not dischargeable under bankruptcy.

In a letter dated October 22, 2002, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

By letter dated January 31, 2003, you were notified that your account had been referred to OSI Collection Services, Inc for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into a RA. You did not comply.

In a letter dated March 27, 2003, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On June 16, 2003, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the (DOJ) for enforced collection. You did not comply.

Between May 18, 1993, and July 29, 1993, you made four (4) payments totaling $585.44. To date, a total amount of $7,869.84 has been credited to your account.

Repeated attempts by DHHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Massachusetts, One Courthouse Way, U.S. Courthouse, Suite 9200, Boston, MA 02210.

**CERTIFICATION:** Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

NOV 1 8

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

EXHIBIT A